W. B. MURPHY *v.* FRANK JACKSON ET AL.

1. ESTOPPEL. *Recorded mortgage. Notice. Silence of mortgagee.*

The holder of a recorded mortgage may stand by and see the mortgaged land sold, even to one who has no actual notice of his claim. The record is notice of his lien, and his mere silence will not estop him from asserting it if he does nothing to mislead the purchaser. *Sulphine* v. *Dunbar,* 55 Miss., 255; *Staton* v. *Bryant, Ib.,* 261.

2. AMENDMENT. *When refused. Unavailing defense.*

An amendment will not be allowed, in order that a defense may be set up that would be unavailing.

FROM the chancery court of Harrison county.
HON. SYLVANUS EVANS, Chancellor.

The appellant, Murphy, filed the bill in this case to foreclose a mortgage executed by Frank Jackson. The mortgagor, Jackson, was made a defendant to the bill, and so was R. Seal, who, it was alleged, had some claim to the mortgaged land, acquired from Jackson after the execution of the mortgage. It appears from the record that the mortgage, to secure the sum of $25, was executed to Murphy in consideration of his becoming bail for Jackson on a certain criminal charge that was preferred against him. The bail-bond was for $150. It was set up, in defense, that the mortgage was void, and that Jackson owed the complainant nothing, because, as it was alleged, the mortgage was given in consideration that Murphy, as jailer, should discharge Jackson from custody; and, further, that Jackson had, in fact, been detained in jail after the execution of the mortgage. Both of these defenses

were overturned by the proof, and it was shown that the mortgage was executed in consideration of Murphy's becoming surety on the bond of Jackson, conditioned for his appearance to answer the charge. No indictment was found against Jackson, and the bond was never forfeited.

The defendant, Jackson, was examined as a witness, and, among other things, testified that after the execution of the mortgage to Murphy he sold the land to Seal for $12; that he told Seal he could make a good title to the land, and that Murphy was present and said nothing about his mortgage; that Seal stated that he did not want the land, and only bought it to accommodate Jackson. He testified that the land was worth about $150. The mortgage to Murphy was duly recorded at the time of its execution. Seal did not, in his answer, rely upon the defense of estoppel.

The court below entered a decree dismissing the bill, from which this appeal is prosecuted.

*W. G. Evans,* for appellant.

1. The evidence clearly shows that complainant was entitled to a decree. The mortgage was valid, and the defenses set up by the appellees were completely overturned by the testimony.

2. Seal cannot claim as an innocent purchaser. He does not set up in his answer that he is entitled to protection as such, or that he purchased without notice. He was bound to take notice of the recorded mortgage when he purchased the land. The fact that Murphy was present and said nothing about his mortgage at the time of Seal's purchase, is immaterial. It is not claimed that he *did* any thing to mislead Seal, and the doctrine of equitable estoppel could not prevail as against his mortgage.

*Mayes & Harris,* for appellees.

Candor compels us to admit that the case made by the answers in the court below is not sustained by the proof. There

was nothing illegal in Murphy's becoming surety for the appearance of Jackson, and nothing wrong in demanding compensation for the risk. If it be true that Murphy stood by and saw Seal purchase the land and pay for it, and that he was acting in ignorance of the mortgage, and was influenced in making the purchase by the conduct of Murphy, then there is authority for the position that Murphy is estopped to set up his mortgage as against Seal, notwithstanding the fact that the mortgage was on record. *Markham* v. *O'Connor*, 52 Ga., 183. This defense was not set up in the answer of Seal, but, in view of the facts, we ask the court, in case of reversal, to remand the cause, with leave to the defendant, Seal, to amend his answer so as to set up the defense of estoppel shadowed forth in Jackson's testimony.

WOODS, J., delivered the opinion of the court.

The admirable candor of the able counsel for appellees renders any argument by the court unnecessary. The luminous statement of counsel completely covers and disposes of the case, and we make it our own.

It is matter of regret to us that, in reversing the decree of the court below, we cannot remand, with leave to appellee, Seal, to amend his answer in the manner "shadowed forth in Jackson's testimony." We would be glad to discharge the grateful obligation counsel has imposed upon us by meeting their wishes in this particular, but, under the settled law of this state, we cannot. If the amendment desired were permitted to be made, the defense would still prove ineffectual. The case of *Markham* v. *O'Connor*, 52 Ga., 183, is authority for the position stated by counsel; but the rule is otherwise in this state. See *Staton* v. *Bryant*, 55 Miss., 261; *Sulphine* v. *Dunbar*, *Ib.*, 255.

*Let the decree of the court below be reversed and a decree entered here for the appellant.*